IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles King, individually and on behalf of a class of others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>Marlboro County, et. al.,<br><br>      Defendants. | ) Civil Action No. 6:09-cv-1315-RMG-KFM<br>)<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

Before the Court is Plaintiffs' motion for class certification. (Dkt. No. 36). While the Plaintiff's memorandum in support of the motion for class certification is over twenty-four pages long, only two pages of the memorandum are devoted to why a class action is the superior method for adjudicating this dispute. Further, only one page with case citations is offered as analysis to explain how the named Plaintiff's claims are typical of the class. Defendants have not opposed the class certification motion. (Dkt. No. 38 at p. 1). Thus, the Magistrate Judge has recommended granting Plaintiff's motion for class certification. (Dkt. No. 45). Defendants have also not objected to the Magistrate Judge's recommendation.

However, while the Court recognizes that class certification issues should be taken up as early as practicable, based on the Record before the Court at present, this Court is unable to determine if class certification is proper as provided by Rule 23. Therefore, the Plaintiffs' motion for class certification is **denied** without prejudice and with leave to be re-filed after further evidence and support is provided to this Court demonstrating that a class action is the superior method of adjudication and that a class-action trial in this matter is practical. *See, e.g., Gregory v. Finova Capital Corp.*, 442

1

F.3d 188 (4th Cir. 2006) (reversing district court order certifying class action on the basis that a class action was not the superior method for adjudication). This Court is particularly interested in how damages will be determined for the nearly three thousand class members and how testimony will be taken as to any alleged emotional distress damages stemming from the purported unlawful strip searches—*i.e.* how the class action trial will be managed and how that is more suitable in this case than individual actions. Further, the Record is void of any evidence as to how the named Plaintiff's claims are typical and/or that he is an adequate class representative for other putative members. For example, are Plaintiff's claims typical for female prisoners and were the procedures utilized with respect to him the same as those taken with respect to female prisoners? Because the Record before the Court as of now does not allow it to make the proper findings that it has to under Rule 23, this Court will take up the class certification issues at a later date after the concerns outlined herein are addressed by the parties.[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 19, 2011
Charleston, South Carolina

---

[1] While Defendants offer no opposition to the class certification motion, Defendants do indicate that they "expect to file dispositive motions based upon the constitutionality of the challenged policy" at issue in this matter. (Dkt. No. 38 at p. 1). The Court will, if practicable, take up consideration of any dispositive motions at the same time as any later, re-filed class certification motion.

2